UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLAUDE BOSCHERT, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WRIGHT MEDICAL GROUP, )<br>INC., et al., )<br>)<br>Defendants. ) | Case No. 4:15CV00211 AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion to remand this case to Missouri state court. Plaintiffs initially filed this products liability action in the Circuit Court of St. Louis, Missouri, asserting that Plaintiff Claude Boschert sustained injury from defective medical devices implanted in his right hip. Defendants are all companies, and one individual, that have allegedly manufactured, distributed, and/or sold the brand of artificial hip components which injured Claude Boschert. For the reasons stated below, Plaintiffs' motion will be granted.

## BACKGROUND

Defendant Wright Medical Technology, Inc., removed the action to this Court on January 30, 2015, ten days after the initial complaint was filed, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). According to the complaint and notice of removal, Plaintiffs are both citizens of the State of Missouri. Defendants Wright Medical Technology, Inc. ("WMT") and Wright Medical Group, Inc. are both Delaware corporations with their principle places of business in Tennessee; Wright Medical Europe, S.A., is a foreign corporation with a principle place of business in the Netherlands; and Jerry Amos is a citizen of the State of Missouri. The complaint

also includes a Defendant John Doe, whose true name, capacity, and citizenship are as yet unknown.

At the time of removal, only two Defendants had been served: WMT and Wright Medical Group, Inc. WMT's notice of removal alleged that the amount in controversy likely exceeds the $75,000 jurisdictional minimum, a belief neither party disputes, and that because complete diversity exists between Plaintiffs and the Defendants who had been served at that time, removal was proper.

On February 6, 2015, Plaintiffs moved to remand this case to state court. In support of their motion, Plaintiffs assert that this Court lacks jurisdiction under 28 U.S.C. § 1441(b)(2), the so-called forum defendant rule, which prevents a removal court from exercising jurisdiction when any of the defendants properly joined and served is a citizen of the state in which the suit was filed. Plaintiffs contend that because Defendant Amos is a Missouri citizen, removal to this Court was improper. Plaintiffs admit that Defendant Amos has not yet been successfully served, but argue that maintaining the federal case would be contrary to the purposes of removal and the forum defendant rule, as well as demonstrably at odds with Congress' intent in drafting § 1441.

On February 10, 2015, WMT filed a response to Plaintiffs' motion to remand. WMT argues that the clear language of § 1441(b) only prevents removal if any of the parties "properly joined and served as defendants" are citizens of the state in which the action was brought. WMT maintains that because forum-Defendant Amos had not been served at the time of removal, the forum defendant rule does not apply. WMT urges the Court to comply with the plain language of the statute and deny Plaintiffs' motion to remand. Plaintiffs did not file a reply to WMT's response.

**DISCUSSION**

For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship between defendants and plaintiffs. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005). Removal statutes are to be strictly construed, and federal courts are to "resolve all doubts about federal jurisdiction in favor of remand." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) (citation omitted).

Though a defendant may remove a case to federal court when a federal court would have had original jurisdiction over an action, 28 U.S.C. § 1441(a), there is a restriction on the removal of diversity cases known as the "forum defendant rule," which states that a defendant can remove a case based on diversity jurisdiction only if none of the "parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005). "[T]he violation of the forum defendant rule is a jurisdictional defect and not a mere procedural irregularity capable of being waived." *Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005) (citation omitted).

After reviewing the parties' memoranda and supporting authority, the Court notes that there appears to be much disagreement on whether to invoke the forum defendant rule in cases of pre-service removal. However, the Court need not reach this issue as the cases cited by Plaintiffs and WMT are factually distinct from this case. In those cases, complete diversity existed between the parties and the only issue was whether the forum defendant rule applied. *See Perez*

*v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1240-41 (E.D. Mo. 2012); *Johnson v. Emerson Elec. Co.*, No. 4:13CV1240 (JAR), 2013 WL 5442752, at *1 (E.D. Mo. Sept. 30, 2013). In this case, there is *not* complete diversity, as Defendant Amos and both Plaintiffs are all Missouri citizens. Thus, in addition to the forum defendant issue, this Court must address the diversity of the parties. *See Johnson v. Precision Airmotive, LLC*, No. 4:07CV1695 (CDP), 2007 WL 4289656, at *5 (E.D. Mo. Dec. 4, 2007) (noting that "[t]he 'service issue' and the 'diversity of parties' issue are separate" issues in deciding a motion to remand).

WMT has never disputed that complete diversity is lacking when considering Defendant Amos, but argues that removal was appropriate because there is complete diversity of citizenship between the parties served at the time of removal. This argument lacks merit. The Eighth Circuit has long recognized that § 1441(b) does not expand the removal jurisdiction of federal courts by limiting the complete diversity requirement of §1332(a)(1) to considering only served defendants. *See Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981). Rather, "a court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service."[1] *Id.* at 1160-61; *see also Hrastich v. Advance Auto Parts, Inc.*, No. 4:14CV22 (JAR), 2014 WL 3341121, at *1 (E.D. Mo. July 8, 2014) ("Whenever federal jurisdiction in a removal case depends on complete diversity, diversity is determined from the fact of citizenship of the named parties and not from the fact of service."). Because Plaintiffs and Defendant Amos are all citizens of Missouri, there is not complete diversity as required by § 1332(a)(1). The fact that Defendant Amos has not been served does not affect this analysis. Therefore, the Court must remand this case for lack of subject matter

---

[1] Indeed, even the court in *Johnson v. Emerson Elec. Co.*, No. 4:13CV1240 (JAR), 2013 WL 5442752 (E.D. Mo. Sept. 30, 2013), which WMT relies upon for support, noted the authority of *Pecherski* and its progeny, but distinguished it because the parties in *Johnson* were completely diverse, a distinction not present in this case. *Id.* at *3.

jurisdiction. *See* 28 U.S.C. § 1447(c) (stating that if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand is **GRANTED**. (Doc. No. 5.) The case is **REMANDED** to the Twenty-Second Judicial Circuit Court for the State of Missouri, in which it was filed.

**IT IS FURTHER ORDERED** that all pending motions in this case are **DENIED without prejudice**, to be refiled in state court, as applicable**.**

                                                  _/s/ Audrey G. Fleissig_
                                                  AUDREY G. FLEISSIG
                                                  UNITED STATES DISTRICT JUDGE

Dated this 6th day of March, 2015.